MALCOLM GILLIS ET AL. v. JOHN ROSENHEIMER ET AL.

(Case No. 5457.)

1. STATUTE OF LIMITATIONS — PLEADING — INJUNCTION.— A defendant pleading the statute of limitations need only allege that the period prescribed by the statute has elapsed, and if the plaintiff relies on bringing the case within the operation of one of the exceptions which suspend the running of the statute, he must allege in reply such facts as will have that effect. But where a party has applied for an injunction to prevent the defendant from clouding his title by a sale under a deed of trust, and bases his application on the allegation that the deed of trust is barred by the statute of limitations, it is not necessary for the defendant to plead the statutory exception in order to admit proof thereof, nor is the plaintiff excused from negativing the existence of facts which would bar the running of the statute. Such an equitable remedy as injunction must be supported by allegations negativing any reasonable inference, arising from the facts stated, that the plaintiff may not be entitled to the relief sought.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

Suit filed on the 24th day of February, 1883, by appellants Malcolm Gillis and Elmira Gillis against John Rosenheimer, J. S. Sproul, guardian of estate of William Taylor, lunatic, W. A. Lockart and S. A. Lockart, to enjoin the sale by John Rosenheimer, substitute trustee, under a deed of trust of two tracts of land in Bexar county,

Texas, executed ·by W. A. Lockart and S. A. Lockart, on January 11, 1878, to secure to defendant Sproul, guardian, the payment of a note for $400 of same date, due one year after date.

A temporary writ of injunction was granted February 23, 1883. Plaintiff Elmira Gillis claimed to have purchased the land covered by the deed of trust at a sale by the United States marshal on a judgment and execution from the United States circuit court in favor of one J. H. Kirkpatrick and against W. A. Lockart and Malcolm Gillis, as the property of the defendant W. A. Lockart. The United States marshal's sale under which Mrs. Elmira Gillis claimed title to both tracts of lands was made March 1, 1881.

The property was advertised by the substitute trustee on February 3, 1883, for sale on March 1, 1883.

On February 24, 1883, defendants W. A. Lockart and S. A. Lockart executed before a notary public a renewal of the note secured by the deed of trust.

Tried before the judge without a jury; judgment for the defendants dissolving the injunction. The plaintiffs appealed, and among other grounds assigned as error that:

" The court erred in the admission of irrelevant and illegal testimony, to wit, the testimony of the defendant W. A. Lockart that he was absent from the state from 15th of October, 1882, to the 20th of February, 1883, there being nothing in the pleadings to sustain such testimony."

The plaintiffs' petition alleged in general terms that the $400 note which the deed of trust was given to secure was barred by the statute of limitations on February 3, 1883, the date when the trustee proceeded to advertise the two tracts of land for sale under the deed of trust.

The evidence showed, without dispute, that W. A. Lockart, the maker of the note, had been absent from the state from 15th October, 1882, to the 20th of February, 1883, a period of more than four months. If this period of time be deducted from the time since the statute had commenced running against the note, the bar by lapse of time would not have been completed.

*J. H. McLeary*, for appellants, cited: R. S., art. 3216; Pasch. Dig., art. 24 and note; Sayles & Bassett's Pl. and Pr., secs. 252, 511, 512; Mims *v.* Mitchell, 1 Tex., 447; Hall *v.* Jackson, 3 Tex., 310; Sayles' Pleading, secs. 117, 118, 119 (ed. of 1872); secs. 41, 42 (ed. of 1882); 6 Jacob's Fisher's Digest, sec. 8669 *et seq.;* citing Clark *v.* Hougham, 3 Dow. & R., 322; 2 Barn. & Cress., 149, and other English

cases; Hughes *v.* Lane, 25 Tex., 367; Ortiz *v.* De Benavides, 61 Tex., 63.

*Houston Bros.*, for appellees, cited: R. S., art. 3220; Spencer *v.* Rosenthal, 58 Tex., 5; Whitman *v.* Willis, 51 Tex., 432; Carlin *v.* Hudson, 12 Tex., 202.

WALKER, J. COM. APP.— The remedy sought by the plaintiffs was one of a preventive character, the object of which was to restrain the defendants from placing a cloud upon their title to two certain tracts of land by a sale under a certain deed of trust on the land, the debt to secure which incumbrance they alleged was barred by limitation.   The plaintiffs had acquired the land with notice of the incumbrance before the debt was thus barred; their only equity, therefore, consisted in the fact that the debt was barred at the time when they instituted this suit.  To constitute the plaintiffs' petition, therefore, sufficient to entitle them to the relief sought, it must have shown not merely that four years had elapsed since the maturity of the note, but that a bar of the statute of limitations had been interposed.   As a mere defensive plea of the statute, it is well settled, in this state, that a defendant pleading it need only allege that the period of time mentioned in the statute that is relied on has run against the debt, and if the plaintiff relies on avoiding the effect of that *prima facie* case by bringing the defendant within the operation of any of the exceptions which suspend the running of the statute, he must reply such facts as will have that effect.  But such is not the rule when applied to injunctions when the plaintiff predicates the assertion and maintenance of an equitable right and the corresponding remedy upon the affirmative allegation that the defendant has lost a pre-existing right by reason of the bar of the statute of limitations.   In such case, if the defendant were a minor, or a married woman, for instance, against whom the plaintiff predicated a claim for relief on account of an admitted pre-existing right having become barred, it would not be necessary for the defendant to plead the statutory exception, in order to admit proof thereof; nor would the plaintiff be excused, in order to constitute his petition a good one, from negativing, in a bill for injunction, the existence of the facts under which the running of the statute might be barred. The allegation of facts which merely show that the debt may have been barred falls short of the requirement in a petition for injunction where the remedy sought is rested upon the essential fact that the defendant is in fact barred from the assertion of his right under

the operation of the laws of limitations; the petition must negative the fact that the defendant may have the right or remedy, the exercise or assertion of which is disputed, and which a court of equity is invoked to prevent him from maintaining. The petition for injunction should state all, and negative all, which is necessary to establish a right. The rule is correctly stated in Harrison v. Crumb, White & Willson's Ct. of Appeals, sec. 992, as follows: "The rule of pleading, that the statements of a party are to be taken most strongly against himself, is re-enforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." See Carter v. Griffin, 32 Tex., 212; Martin v. Sykes, 25 Tex. Supp., 197; Forbes v. Hill, Dallam, 486; Ballard v. Rogers, Dallam, 460; Smith v. Frederick, 32 Tex., 256.

It was therefore an issuable matter under the general averment in the petition that the defendants were barred by limitations, and to disprove which, the defendants might show in rebuttal, without specially pleading it, any fact or facts that would show that, under the statute, the bar was not completed; and it would constitute no objection to their doing so, that such fact related to an exception which suspended the running of the statute against the claim. The court did not err, therefore, in allowing evidence to show the absence of the maker of the note described in the deed of trust beyond the limits of the state. The evidence showed his absence in Mexico for a period of time sufficiently long to avoid the bar of the statute. That fact being established, it was an answer to the equity of the plaintiffs' petition and left them without any ground of complaint for equitable relief. The time of a person's absence from the state is not accounted against a claim on which the statute of limitations is running. Art. 3216, R. S. If the plaintiff, Mrs. Gillis, acquired title to the two tracts of land in controversy, with notice of the deed of trust upon them, she took it, of course, subject thereto, and so long as it conitnued to be valid and subsisting, can have no cause to object to its proper enforcement at any time before it is barred by limitation; and it appearing from proof that the debt was not barred, the case made by her for relief must fail.

This view of the subject is decisive of this appeal. The cause having been submitted to the court without a jury, the admission of irrelevant or incompetent evidence will not cause a reversal of the

judgment if there is sufficient evidence without it to support the judgment, as has been repeatedly held by the supreme court; and it is not necessary to consider, therefore, the second assigned error and certain of the others which are predicated on it, which calls in question the correctness of the ruling admitting in evidence, over plaintiffs' objections, the paper styled "the renewal of the note." The evidence in the case, without the aid of that evidence of renewal of the debt, was sufficient to meet and negative the plaintiffs' ground for equitable relief, and the court did not err in dissolving the injunction.

We are of opinion, therefore, that the judgment be affirmed.

AFFIRMED.

[Opinion adopted May 29, 1885.]