### LANGERHANS et al. v. PAPE et al.

### No. 8387.

Court of Civil Appeals of Texas. San Antonio.
March 12, 1930.

Rehearing Denied April 23, 1930.

288

H. H. Sagebiel, of Fredericksburg, for appellants.

J. B. Wieser, of Fredericksburg, for appellees.

COBBS, J.

Chas. J. Pape, Emil Oehler, and Oswald Oehler sued August Langerhans, Hubert Kott, Max Ransleben, and Frank Singleton, praying for a mandatory injunction to compel them to open a public road over the lands of the defendants, claiming a prescription right thereto.

Appellees alleged that they are the fee-simple owners of certain tracts of land located in Gillespie county, Tex., out of survey No. 27, Mathilde Rivera, fronting the Pedernales river, "and for many years have resided on, and at the present time live with their families on, said respective tracts of lands out of said survey"; that for over thirty years there has been located a well traveled, marked, and defined road leading from an old river crossing south of plaintiff Pape's residence, an extension of "Goehmanns Road," from survey No. 27, southerly over Watkins survey No. 26, for a distance of about one mile, making a direct connection with the Austin-Fredericksburg road, now highway No. 20; "that said road has heretofore been unobstructed and open to plaintiffs and the public in general until the recent closing thereof by defendants; that plaintiffs have heretofore used, enjoyed and continuously traveled said road for upwards of 15 years and that said road has been worked, graveled and kept in repair by plaintiffs and residents of their community for many years."

Plaintiffs further alleged that there is a deed of conveyance, dated March 7, 1900, from H. Moellering to Louis Moellering, recorded in volume 7, page 276, Deed Records of Gillespie county, Tex., in which a strip of land 20 feet wide, on the west side of the 70-acre tract described, was reserved by the grantor, and that the defendants herein have title to said lands subject to said easement.

Plaintiffs allege that they are embraced in road district No. 1, paying special taxes on the bond issue supporting the Austin-Fredericksburg road, highway No. 20, and, though, continuing to pay taxes on said highway, the action of defendants deprive them of the enjoyment of any benefits therefrom.

"That plaintiffs are in school district No. 5, patrons of and their children pupils of Rocky Hill School House in said District, located on Austin-Fredericksburg Road, about one-half mile west of the intersection of this road and Austin-Fredericksburg Road, or a distance of about 1½ miles to 2 miles from the residences of plaintiffs. That said road is plaintiffs only nearest road towards said school which is also the regular voting place of plaintiffs' election precinct. That as only other road there is available to plaintiffs the Goehmann's Road leading westerly from plaintiffs' lands towards Fredericksburg a distance of about 6 miles and intersecting with San Antonio Road about one mile south of Fredericksburg. That from such point of intersection plaintiffs are compelled to travel another 8 miles in order to get to said school, in all about 14 miles. That the nearest store and cotton gin is located about 2 miles east on Highway No. 20 from Rocky Hill school house, and plaintiffs are effectively and completely cut off from access thereto by defendants' action in closing said road, as well as prevented from direct access to nearest shipping point, 'Cain City,' about 4 miles south from plaintiffs' lands. Plaintiffs hereto attach a plat of the roads leading from Fredericksburg to plaintiffs' residences to Austin-Cain City, as well as from plaintiffs' lands towards Austin Highway, etc., and make said plat a part hereof petition for better illustration of location and approximate distances from point to point."

Defendants answered by exceptions, general denial, etc., and specially denied that plaintiffs used and occupied the road under claim of right and hostile to defendants' right, title, and possession of said premises and said alleged road, but that plaintiffs used and traveled over said road by the permission of defendants and their predecessors in title.

The case was submitted to a jury upon one special issue, as follows: "Has the road in question been established by prescription as a public road?"

The question was answered in the affirmative by the jury, and on this verdict the court rendered judgment in favor of plaintiffs and against the defendants, perpetuating the tem-

porary injunction theretofore granted, on the ground of prescription.

It seems that the evidence is abundant to show a use of the road by the public for about 15 years. Appellees kept the road in repair and continually used it. It was used and traveled over as a public road, and the children in the neighborhood traveled over it in going to and from school; the public had to travel over it in going to the voting place. It was a necessary and useful public road, and was publicly used at all times. We do not perceive any error committed by the court in overruling the demurrer.

We think the petition stated all and negatived all which was necessary to establish a right to a well-defined road, and the allegations were sufficiently certain to negative every reasonable inference arising under the facts stated. Gillis v. Rosenheimer, 64 Tex. 243.

We do not think there is anything in the objection raised to the question asked by plaintiffs' counsel while Chas. Pape was testifying, touching the mental capacity or incapacity of Louis Moellering, a former owner of the land over which the road runs: "As far as you know he is a sane man," to which the witness answered: "Yes, Sir." We see no reason for asking the question, but it is perfectly harmless. Every man is entitled to the legal presumption that he is sane until the contrary is shown.

We have read all the testimony of all the witnesses, and read and considered the brief and assignments and propositions of appellants, and find no error presented that should cause a reversal of this case, and the judgment of the trial court is accordingly affirmed.