**PLOUGH, Inc., v. MOORE et al.**
**No. 1405.**

Court of Civil Appeals of Texas. Waco.
Jan. 19, 1933.

O. H. Woodrow, of Sherman, for appellant.
Terry Dickens, of Marlin, for appellees.

ALEXANDER, J.

W. B. Moore and B. A. Moore brought this suit against Plough, Inc., a corporation, and C. C. Kelly, as constable, to restrain the defendants from levying upon and selling under execution certain property situated in the town of Reagan, Falls county, Tex., and claimed to be exempt to plaintiffs as their homestead. The trial judge, in chambers on an ex parte hearing, granted the temporary injunction as prayed. Plough, Inc., appealed.

The plaintiffs alleged that they were engaged in the drug business under the trade-name of Moore Drug Company, and that they owned, used, and occupied a building in the town of Reagan for the purpose of conducting said business, and that it was the only business conducted by them. They further alleged that they actually lived in said building and that said building constituted their business homestead as well as their residential homestead and was exempt to them from forced sale under the Constitution and laws of this state. The plaintiffs further alleged that Plough, Inc., placed in the hands of C. C. Kelly, constable, an execution issued out of the justice court of Grayson county and that said constable was attempting to levy same upon said property and to sell the same for the purpose of satisfying said judgment. They further alleged that irreparable injury would result to them unless the injunction was granted.

The petition did not describe the building, and nowhere alleged that either of plaintiffs was married nor that either of them was the head of a family nor that there was any family relationship existing between them. Our constitutional exemption of the homestead from forced sale applies to, and is intended for the protection of, a family only, and not for the protection of those who may congregate under the common roof under mere contractual relations for social or business purposes. In order to obtain the benefits of the exemption, the family relationship or status must exist among those claiming the benefits of the exemption. This necessarily presupposes a condition of dependence, either in law or fact, by one or more members of the group upon the other as the head of the family. Constitution, art. 16, § 50; Revised Statutes, art. 3833; Roco v. Green, 50 Tex. 483, 490; Howard v. Marshall, 48 Tex.

471, 477; Whitehead v. Nickelson, 48 Tex. 517, 529.

■■ One seeking to have property exempted to him as a homestead should allege the facts, and not conclusions, from which the court could determine that a relationship of dependency actually existed, either in law or fact, between or among those occupying the property at the time the property became impressed with the homestead character, or otherwise show the existence of the family relationship. Ramsey v. Allison, 64 Tex. 697, 699. The mere fact that the two plaintiffs were associated together in a common enterprise or were living together in the same house and were using and claiming the property ·so occupied by them as a homestead, as alleged by them, did not entitle them to have such property exempted from forced sale either as a business or residential homestead in the absence of the existence of the family relationship.

■ The allegation that the property constituted their homestead and was exempt to them as such was a mere conclusion of the pleader and cannot be considered in the absence of allegations of fact showing that they were actually entitled to a homestead exemption. Schlinke v. De Witt ·County (Tex. Civ. App.) 145 ·S. W. 660, par. 4; Horne Zoological Arena Co. v. City of Dallas (Tex. Civ. App.) 45 S.W.(2d) 714, par. 6.

■■ In passing on the sufficiency of a petition for injunction, especially where the injunction is granted on an ex parte hearing, the rule is that we should construe the petition most strongly against the pleader. The petition should allege all, and negative all, which is necessary to establish the right to the injunction. In Gillis v. Rosenheimer, 64 Tex. 246, our Supreme Court said: "The rule of pleading, that the statements of a party are to be taken most strongly against himself, is re-enforced in injunction suits by the further requirement that the material and ·essential elements which entitle him to relief shall be ·sufficiently certain to negative every reasonable inference arising upon the facts so stated,· from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." See, also, Harding v. W. L. Pearson & Co. (Tex. Com. App.) 48 S.W.(2d) 964, par. 7; Asphalt Belt Ry. Co. v. Uvalde Rock Asphalt ·Co. (Tex. Civ. App.) 256 S. W. 675; Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422; Emde v. Johnson (Tex. Civ. App.) 214 S. W. 575, par. 4; Miller v. City of Ballinger (Tex. Civ. App.) 204 S. W. 1173; City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459; Schlinke v. De Witt County (Tex. ·Civ. App.) 145 ·S. W. 660, 665.

Since the petition wholly failed to allege the necessary facts entitling the plaintiffs to have the property exempt to them as a homestead, the trial judge erred in granting the temporary injunction.

The judgment of the trial court is reversed, and the injunction dissolved.