## HOOD et al. v. SCOTT
### No. 1458.

Court of Civil Appeals of Texas. Waco.
Jan. 25, 1934.

C. S. Bradley, of Groesbeck, and Thos. S. Christopher, of Austin, for appellants.

J. Luther Broadway, of Madisonville, for appellee.

ALEXANDER, Justice.

F. D. Scott filed this suit in the district court of Freestone county against the members of the Railroad Commission of Texas, Walton D. Hood, an employee thereof, J. R. Sessions, the sheriff of Freestone county, and various other parties, and, upon an ex parte hearing, secured the issuance of a temporary writ of injunction restraining the defendants from arresting the plaintiff and the drivers of his trucks and thus preventing the plaintiff from carrying out the provisions of lease contracts by which the plaintiff claimed to have leased automobile trucks owned by him to individuals for use upon the public highways of this state. The defendants appealed from the order of the district judge granting such injunction.

The appellants present the proposition that the petition wholly failed to state a cause of action and was therefore insufficient to justify the issuance of the writ of injunction. The material allegations contained in plaintiff's petition are as follows:

"That the plaintiff is the owner of a number of trucks, for each of which he has duly procured a license to operate upon the public highways of the State of Texas for the year 1932, and each of the same is being carried on the said trucks for which it was issued; that the plaintiff has also undertaken and has complied with all the legal requirements of law and rules and regulations of a private owner to so operate said trucks on the public highways of the State of Texas, and has leased said trucks to private persons, both individuals and corporations to be used by them in hauling their personal property and effects over the highways of the State of Texas, from one point to another. That said trucks are so used by said lessees for their own personal use as aforesaid, and not for any other purpose, and a number of them are used very frequently by some of them, lessees, on highways running through Freestone County, Texas, known and designated as Federal Highway No. 75, and State Highway No. 32; and others of them are so used and operated over the other public highways of the State of Texas, by the several lessees operating as aforesaid, exclusively to transport the goods of such lessees only.

"2. That at the present time plaintiff has in effect and outstanding some lease contracts of said trucks to such character as lessee as those above mentioned, among which are contracts of lease of said trucks to haul goods to and from the ports of entry of the State of Texas to the internal parts of the said State and especially the large cities such as Dallas, Fort Worth and other large inland cities; that said goods are now on hand and an immediate necessity exists that they be transported to the destinations for which they are intended for sale as well as to save storage charges and large loss will result to the lessees unless said trucks are permitted to continue the use of said highways and the lessees will not comply with their lease contract with the plaintiff unless said trucks can operate as aforesaid and plaintiff will suffer a loss. * * *

"4. Plaintiff would show to the court that he has not procured from the Railroad Commission of the State of Texas permits to operate said trucks as a common or contract carrier; that said trucks are not so operated as stated aforesaid but are being operated as leased trucks, operated by the lessees under their direct and exclusive control by men duly licensed as drivers or operators of said trucks; that the defendants as aforesaid in their official capacities, but in fact acting outside of same because acting without legal authority as hereinafter shown, has recently caused this plaintiff and a number of the drivers to be arrested while said trucks were so operated under the lease contracts as aforesaid, arresting them and charging the violation of chapter 277 of the general laws of the State of Texas passed by the 42nd Legislature that is without having secured from said Railroad Commission, under the provisions of said act, a certificate of public convenience and necessity to a finding to the effect that the public convenience and necessity requires such operation and/or without having secured a permit from said Commission to operate said trucks as a contract or common carrier, in face of the fact that on said occasions the plaintiff exhibited to the said defendants a copy of his said lease contract; that plaintiff was arrested for operating said trucks without having displayed thereon permission from the Railroad Commission to so operate as a contract or common carrier and was so notified by defendant, Walton D. Hood, that he would be arrested for such further operation."

The petition further alleged that plaintiff was "being molested by the defendants in causing him to not be able to carry out his lease contracts as aforesaid by causing arrests of him and the operators of said trucks, and the said defendants will so continue to cause said arrests and hinder and prevent plaintiff from carrying out the terms of said lease contracts as aforesaid."

 It will be noted that the petition does not give the number of the trucks so owned and leased by the plaintiff nor in any wise describe any of said trucks so as to enable the court to extend the benefits of the writ so issued to any particular truck. Neither does the petition give the terms of the lease contract under which it is claimed that the lessees have a right to operate said trucks without complying with the provisions of the statute in question, nor does it name or otherwise describe any of the lessees who are entitled to such exemption. It will also be noted that the petition does not give the name nor otherwise describe any of the drivers of said trucks who are to be exempted from arrest upon the issuance of the writ. The petition merely alleges that plaintiff is the owner of "a number of trucks": that he has leased "some of said trucks" to "private persons both individuals and corporations"; that a number of said trucks "are used very frequently by some of them, lessees, on highways running through Freestone County";

that "at present the plaintiff has in effect and outstanding some lease contracts of said trucks"; that said trucks are "being operated by the lessees under their direct and exclusive control by men duly licensed as drivers." It is apparent that any officer who, in good faith, desired to obey the writ of injunction issued by the court upon such a petition, would have great difficulty in recognizing either of said trucks or the drivers or lessees thereof so as to extend to them the benefits of the writ as contemplated by law.

In passing upon the sufficiency of a petition for injunction, especially where the injunction is granted at an ex parte hearing, the petition is construed most strongly against the pleader and in order to be sufficient must allege all and negative all that is necessary to establish the right to the injunction. 24 Tex. Jur. 222; Gillis v. Rosenheimer, 64 Tex. 246; Plough v. Moore (Tex. Civ. App.) 56 S. W.(2d) 681, par. 6, and cases there cited. The petition in this case wholly failed to allege sufficient facts to enable the court to issue the writ of injunction as prayed for, and consequently is insufficient to support the judgment of the trial court. 24 Tex. Jur. 222.

We do not deem it necessary to discuss the question as to whether or not one who has in good faith leased from another a motor-driven vehicle has a right to use such vehicle for the purpose of transporting his own property over the public highways of this state without first obtaining from the Railroad Commission a permit to do so. That question is discussed in the cases of Anderson, Clayton & Co. v. State (Tex. Com. App.) 62 S.W.(2d) 107, and Tom Reavley v. State (Tex. Cr. App.) 63 S.W.(2d) 709.

The judgment of the trial court is reversed, the injunction dissolved, and the petition dismissed.