BARKLEY, Cr. Dist. Atty., et al. v. CONKLIN.

No. 1957.

Court of Civil Appeals of Texas. Waco.

Jan. 7, 1937.

Rehearing Denied Feb. 4, 1937.

Wm. McCraw, Atty. Gen.; and Sam Lane and Scott Gaines, Asst. Attys. Gen., for appellants.

M. E. Gates, of Huntsville, and Herbert Tigner, of Houston, for appellee.

ALEXANDER, Justice.

This suit was filed in the district court of Freestone county by E. F. Conklin of Harris county against K. C. Barkley, criminal district attorney of Harris county, and the sheriff, eight constables, and nine justices of the peace of said county, the chief of police of the city of Houston, and J. R. Sessions, sheriff of Freestone county, for a temporary injunction restraining said of-

ficers from interfering with the operation of certain marble machines owned by plaintiff and operated in Harris and Freestone counties, and to restrain said officers from arresting and prosecuting the plaintiff for operating said machines. The trial court granted the temporary injunction as prayed. The defendants appealed.

The material part of appellee's petition is as follows:

"That plaintiff owns and caused to be operated prior to the filing of this petition, a number of amusement boards or games, commonly called and known as marble tables machines or pin games in Freestone County, Texas, and Harris County, Texas; that said boards or games were operated under the supervision of plaintiff in various mercantile establishments in said counties, a percentage of the profits, if any, being granted the owner of the establishment in which said board or game was being operated, the balance of the profit being retained by the owner; that the said boards or games were used and operated for amusement only and there is plainly stated thereon that same were not to be used for gambling in any manner and that plaintiff nor anyone authorized to act for them in the management of said boards or games in their operation have never authorized betting or any other forms of gambling to be conducted, but have expressly forbidden the use of same in that manner. That said boards or games are operated, in substance, in the following manner, to-wit: one desiring to play said board or game deposits therein a five cent piece and receives for playing in most types of said games ten balls and in some types of same but one ball; that said balls or marbles are propelled across and around said board through the operation of a stationary spring which same is controlled by a trigger or plunger; that in the surface of said board are numerous apertures, near each of which is placed a number signifying the number of points the player receives for placing said ball or marble therein; that upon the conclusion of the game the points or score attained by the player are totalled; that at all times during the operation of said game the machine is at the exclusive control of the player thereof and the outcome of same depends solely upon the player's skill; if the player of said game or board is skilled in operating and playing same a prize or reward is given which depending upon the skill exercised in the play-

ing thereof, ranges from $.05 to $1.50, in most instances paid in cash and in some instances in corresponding values in merchandise at the establishment in which said board or game be operated and played. * * * That defendants have notified plaintiff and owners of the various establishments in which said machines were placed for operation that they would be arrested and prosecuted should they continue to allow said boards or games to be played in said establishments, and that said boards, games or machines would be seized by defendants and destroyed * * *."

■■ It is readily apparent that the petition in its description of the marble machines referred to is too indefinite to justify the relief prayed for. It describes the machines sought to be protected as "a number of amusement boards or games commonly called and known as marble table machines or pin games in Freestone County, Texas, and in Harris County, Texas, * * * operated under the supervision of plaintiff in various mercantile establishments in said counties." It does not give the number of such machines, the trade-name under which they are manufactured and sold, nor otherwise described them so that they could be identified, nor does it give the name of any of the mercantile establishments in which a single one of them could be found. It is apparent that any officer who, in good faith, desired to obey the writ of injunction issued by the court upon such a petition, would have great difficulty in recognizing either of said machines or the mercantile establishment in which it might be located so as to extend the protection and benefits of the writ as contemplated by the law. It is a well-established rule that in passing upon the sufficiency of a petition for injunction, especially where the injunction is granted at an ex parte hearing, the petition is construed most strongly against the pleader, and in order to be sufficient it must allege all and negative all that is necessary to establish the right to the injunction. 24 Tex. Jur. 222; Gillis v. Rosenheimer, 64 Tex. 243, 246; Plough v. Moore (Tex.Civ.App.) 56 S.W.(2d) 681, par. 6, and authorities there cited. The petition in this case wholly failed to describe the marble machines sought to be protected with sufficient particularity to enable the court to issue the writ of injunction as prayed for, and consequently is insufficient to support the judgment of the trial court. Hood v. Scott (Tex. Civ.App.) 67 S.W.(2d) 909, par. 3.

■ We are also of the opinion that the trial court was without authority to grant the writ for another reason. The petition prays that the peace officers of Harris and Freestone counties be enjoined from arresting and prosecuting appellee for operating said marble machines, and the writ was granted as prayed. It is not charged that the law which the peace officers are threatening to enforce is unconstitutional or otherwise void. No sustainable attack appears to have been made on its validity. While the petition alleges that the plaintiff and those using his machines are not violating the gaming law (Vernon's Ann.P.C. art. 615 et seq.), he alleges a state of facts which shows the contrary. Adams v. Antonio (Tex.Civ.App.) 88 S.W. (2d) 503 (writ refused); Houghton v. Fox (Tex.Civ.App.) 93 S.W.(2d) 781; Roberts v. Gossett (Tex.Civ.App.) 88 S.W.(2d) 507. But, if it should be conceded that the petition shows that they are not violating the law, the result would be the same. The power and authority to interpret the criminal law and to apply the facts of a given case thereto rest exclusively with the courts of this state exercising criminal jurisdiction. Due and orderly procedure require that such questions be first tested in the criminal courts in a trial in accordance with the rules prescribed for the trial of criminal cases, before courts of equity are called upon to intervene through the medium of an injunction. Ex parte Phares, 122 Tex. 104, 53 S. W.(2d) 297. Hence, it has become a well-established rule in this state that equity will not enjoin criminal proceedings nor attempt to stay the hands of the peace officers in enforcing criminal law, except where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights. Ex parte Sterling, 122 Tex. 108, 53 S.W.(2d) 294; State ex rel. McNamara v. Clark, 79 Tex.Cr.R. 559, 187 S. W. 760; Jones v. Whitehead (Tex.Civ. App.) 278 S.W. 305; Brown Cracker & Candy Co. v. City of Dallas, 104 Tex. 290, 137 S.W. 342, Ann.Cas.1914B, 504; Spence v. Fenchler, 107 Tex. 443, 180 S.W. 597; Zucarro v. State, 82 Tex.Cr.R. 1, 197 S.W. 982, L.R.A.1918B, 354; McDonald v. Denton, 63 Tex.Civ.App. 421, 132 S.W. 823; Hatcher v. City of Dallas (Tex.Civ.App.) 133 S.W. 914; 14 R.C.L. 426, 32 C.J. 279; Box et al. v. Newsom et al. (Tex.Civ.App.) 43 S.W.(2d) 981.

For the foregoing reasons, we hold that the trial court was without authority to grant the injunction appealed from.

It is therefore ordered that the judgment of the trial court be, and the same is, reversed, and the injunction dissolved.

### On Motion for Rehearing.

■ In the motion for rehearing, appellee insists that the order appealed from is a temporary restraining order as distinguished from a temporary injunction and that no appeal will lie from the granting of a temporary restraining order. The petition prayed that "a temporary restraining order be granted restraining the defendants * * * from molesting and interfering with the plaintiff * * * and from arresting or prosecuting said plaintiff * * * until the further order of this court, and for such other and further relief, both in law and in equity, to which plaintiff is entitled, both general and special." The judge's fiat recited: "It is ordered that the Clerk of the District Court of Freestone County, Texas, issue a temporary restraining order in all things as prayed in the within petition" upon the execution of a proper bond. Neither the petition for the injunction nor the judge's fiat thereon made any provision for a hearing on the order or fixed any date for the termination of the so-called restraining order. Therefore, notwithstanding the fact that it was called a temporary restraining order, it was in fact a temporary injunction from which an appeal was permissible. Houston Ice & Brewing Co. v. Clint (Tex.Civ.App.) 159 S.W. 409 (writ refused [Tex.Sup.] 169 S.W. 411); Scarborough v. Connell (Tex.Civ.App.) 84 S. W.(2d) 734, par. 1; Bargaimes v. Coke (Tex.Civ.App.) 86 S.W.(2d) 653, par. 1; Dyer v. Dyer (Tex.Civ.App.) 87 S.W.(2d) 489, par. 3; Terrell v. Alpha Petroleum Co. (Tex.Civ.App.) 54 S.W.(2d) 821, par. 1, affirmed 122 Tex. 257, 59 S.W.(2d) 364, par. 1, 372.

■ But we think the result would be the same and that an appeal would lie even through the order attempted to be appealed from should be classed as a temporary restraining order. Revised Statutes, art. 4662, provides that any party to a civil suit, wherein a temporary injunction may be granted or refused or when motion to dissolve has been granted or overruled, may appeal from such order or judgment. While

there is some distinction between the so-called temporary restraining order and a temporary injunction, the purpose of the former being to maintain the status quo until a preliminary hearing can be had, a definite date being usually fixed for its expiration, whereas the latter is intended to restrain the defendants in certain particulars until a final hearing can be had on the merits, the two terms are often used synonomously to denote an injunction for a short time only. Hoskins v. Cauble (Tex. Civ.App.) 198 S.W. 629, par. 1; American Construction Co. v. Seelig (Tex.Civ.App.) 131 S.W. 655. Either of them may be granted at an ex parte hearing upon the petition alone and without proof of the facts therein alleged and either of them is as effective as the other in staying the hands of the party so restrained. Prior to adoption of the provisions of the statute above referred to, there could be no appeal from an order granting or refusing any kind of a temporary restraining order or injunction until a final judgment had been entered on the merits. The object of the statute was to remedy this condition and to allow an appeal in such cases prior to the entry of a final judgment. Since its purpose was to remedy a recognized defect in procedure, it should be liberally construed to accomplish that purpose. R.S. art. 10, subd. 8; 39 Tex.Jur. 268 to 274. The fact that the Legislature on three separate occasions since 1907 has amended the above statute so as to broaden the right to appeal in injunction cases evidences a liberal legislative policy in this respect. We know of no good reason for allowing an appeal from an order granting or refusing a temporary injunction and denying such right where the lower court has granted or refused a temporary restraining order. A temporary restraining order may, and sometimes does, last as long as, or longer than, a temporary injunction would have lasted. Often it is as injurious and the necessity for an appeal therefrom is equally as important. Railroad Commission of Texas v. Real (Tex.Civ.App.) 80 S.W.(2d) 494.

We recognize that there are some decisions by Courts of Civil Appeals in this state which hold that no appeal will lie from the order of the court granting a temporary restraining order; but we have found no decision by the Supreme Court to that effect, and we can find no justification in the statute for such holding. In the following cases it was held or intimated that no appeal would lie from an order granting or refusing a temporary restraining order, but a careful examination of these authorities will disclose that the temporary restraining order attempted to be appealed from had expired of its own limitations prior to the time when the hearing was had on appeal, and consequently the question had become moot. It was therefore unnecessary for the court to hold that an appeal would not lie from such an order. City of Jacksonville v. Devereux (Tex.Civ.App.) 286 S.W. 572; Jacksonville Independent School Dist. v. Devereux (Tex.Civ.App.) 286 S.W. 573; Hudson v. Sunshine Oil Corp. (Tex. Civ.App.) 245 S.W. 765; Wood v. Bird (Tex.Civ.App.) 20 S.W.(2d) 221; Johnson v. Sunset Stores (Tex.Civ.App.) 27 S. W.(2d) 644; Citizens' National Bank v. Thomas (Tex.Civ.App.) 88 S.W.(2d) 1090; Lokey v. Elliott (Tex.Civ.App.) 88 S.W. (2d) 126; Nall v. Malley (Tex.Civ.App.) 55 S.W.(2d) 593; Berry v. State (Tex. Civ.App.) 79 S.W.(2d) 891.

The motion for rehearing is overruled.