STEELE et al. v. WINNINGHAM.

TEXAS TECHNOLOGICAL COLLEGE et al. v. KIRBY, District Judge, et al.

Nos. 2199, 2205, 2204.

Court of Civil Appeals of Texas. Waco.

May 4, 1939.

Rehearing Denied May 25, 1939.

Gerald C. Mann, Atty. Gen., Geo. W. Barcus and Glenn R. Lewis, Asst. Attys. Gen., and Ira Butler, Wm. M. Brown, and Mark McGee, all of Fort Worth, for appellants.

L. W. Shepperd, of Groesbeck, for appellees.

GEORGE, Justice.

The above cases and the motion therein embrace the heretofore consolidated appeals from the order entered by the judge of the 77th Judicial District Court, Limestone county, Texas, on March 18, 1939, in the case of George W. Winningham vs. L. L. Steele, et al. granting a temporary injunction, restraining L. L. Steele, Thomas G. Pollard, Mrs. W. R. Potter, Mark McGee, Charles Thompson, Milburn McCarty, Joe T. Sneed, Jr., Spencer Wells and James M. West, Sr., individually and as constituting the Board of Directors of Texas Technological College from meeting and electing or attempting to elect Clifford B. Jones president of Texas Technological College on March 20, 1939, and/or on any other date pending the further orders of the court; the petition of Texas Technological College, a body corporate, and Mark McGee, Charles Thompson, Milburn McCarty, Joe T. Sneed, Jr., Spencer Wells and James M. West, Sr., members of and composing a majority of the Board of Directors of Texas Technological College, for writ of prohibition prohibiting Judge H. F. Kirby, as district judge of the 77th Judicial District, from entering any order adjudging or attempting to adjudge any of relators in contempt of said court by reason of the alleged disobedience of the temporary injunction in the election by them of Clifford B. Jones as president of Texas Technological College on March 20, 1939; and affidavit filed herein by George W. Winningham, praying that in the event this court should hold that cause No. 2199 on the docket of this court, styled George W. Winningham vs. L. L. Steele, et al, had been removed from the 77th Judicial District Court of Limestone County, Texas, by an effectual appeal and was legally pending in this court at the time of the disobedience of the hereinabove mentioned. temporary injunction, that Joe T. Sneed, Jr., Mark McGee, Charles Thompson, Milburn McCarty, and James M. West, Sr., be held in and punished for contempt of this court.

The disposition of the questions involved in all of these matters is controlled by our determination of the propositions involved in the consolidated appeals from the temporary injunction, and for this reason all will be disposed of in one opinion.

Appellants and relators say that the order of the judge of the 77th Judicial District Court granting temporary injunction was void because (1) sufficient facts were not alleged in the bill of complaint to invoke the jurisdiction of the trial court, and (2) that the trial court was without power to enter such order.

The temporary injunction was granted upon a presentation to the trial judge in chambers of George W. Winningham's verified petition without notice to and hearing of the appellants and relators herein. The allegations of fact upon which George W. Winningham sought the injunction are: (1) that he was a property tax paying resident of Limestone county, Texas, and was instituting the suit for himself and all persons similarly situated; (2) that the appellants named in the petition constituted the Board of Directors of Texas Technological College on March 18, 1939; (3) that Texas Technological College was a state institution supported and maintained by appropriations of funds derived from taxes collected from citizens,

property owners and persons engaged in business in Texas; (4) that Clifford B. Jones was on and prior to November 26, 1938, a member of the Board of Directors of Texas Technological College, and that his election as president of Texas Technological College on that date was void because he was a member of the Board, and that the Attorney General of Texas had so ruled; (5) that the appellants are threatening to and have issued notice that they will meet on Monday, March 20, 1939, in Houston, Texas, and elect Clifford B. Jones president of Texas Technological College, and that they will meet and re-elect Clifford B. Jones president of Texas Technological College unless restrained by the Honorable Court; and (6) that he had no adequate remedy at law, and that all those persons similarly situated and in whose interests he brought the suit would suffer irreparable injury and damage in a sum in excess of $1,000.

The allegations in the petition "that said Board has evinced an intention to and will, unless restrained by this Honorable Court, meet and elect said Clifford B. Jones president of said institution in the furtherance of a scheme and concerted plan of action of said Board and force the said Clifford B. Jones on said institution as its president in open violation of and in utter disregard of law and all public policy and will by reason thereof pay and cause to be paid to the said Clifford B. Jones under such purported election a salary of $7500.00 per year from the taxes contributed and paid by the property tax payers of this state, one of which such citizens and and tax payers is your complainant, now and has been for many years prior to this date, and which payment will be and constitute a diversion and misapplication of public funds derived by taxation" are mere conclusions of the pleader and cannot be considered in the absence of allegation of facts showing that the election of Clifford B. Jones as president of Texas Technological College will be in open violation of and in utter disregard of law and public policy. Jackson v. Reagan, Tex.Civ.App., 70 S.W. 2d 446; Schlinke v. De Witt County, Tex. Civ.App., 145 S.W. 660, par. 4; Horne Zoological Arena Co. v. City of Dallas, Tex.Civ.App., 45 S.W.2d 714, par. 6.

Inasmuch as the temporary injunction was granted without notice to and hearing of appellants, the review is limited to a consideration of the petition. Beck v. Priddy, Tex.Com.App., 252 S.W. 476;

City of Fort Worth v. First Baptist Church, Tex.Civ.App., 268 S.W. 1016; 24 Tex.Jr. 307, sec. 250. And the allegations of fact in the petition must be taken as true. Tyreco Refining Co., Inc., v. State, Tex.Civ.App., 81 S.W.2d 291; Malone v. State, Tex.Civ.App., 77 S.W.2d 335. But the rule for testing the sufficiency of the allegations of fact in the petition for an injunction where the same is granted on an ex parte hearing is that they must be construed most strongly against their sufficiency. McCorkel v. District Trustees of Robinson Springs School Dist. No. 76, Tex.Civ.App., 121 S.W.2d 1048, par. 11; Eclipse Oil Co. v. McAlister, Tex.Civ.App., 103 S.W.2d 420; Barkley v. Conklin, Tex. Civ.App., 101 S.W.2d 405; Houston Electric Co. v. Houston, Tex.Civ.App., 212 S. W. 198; Hood v. Scott, Tex.Civ.App., 67 S.W.2d 909. In other words, the petition should allege all, and negative all, which is necessary to establish the right to the injunction. Gillis v. Rosenheimer, 64 Tex. 243; Plough, Inc., v. Moore, Tex.Civ.App., 56 S.W.2d 681; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964, par. 7.

Applying the above established rules to the allegations of fact contained in the petition of George W. Winningham, we find that such allegations were clearly not sufficient to invoke the jurisdiction of the trial court. It affirmatively appears from the allegations that Clifford B. Jones was not on March 18, 1939, a member of the Board of Directors of Texas Technological College, and no fact or group of facts are alleged that even tend to show or from which an inference could be reasonably drawn that Clifford B. Jones was not eligible for election and qualified to serve as president of Texas Technological College on March 18, 1939, or at any time thereafter. No attack is made upon the constitutionality of the statute creating the board of nine directors for Texas Technological College and empowering them to provide such college with a president. And no facts are alleged which show or tend to show the threatened exercise of any authority placed upon the Board by the statute in an unlawful manner or any threatened action on the part of the Board without authority of the law or that the directors were threatening to do any illegal or void act.

The effect of the order was to restrict the Board of Directors of Texas

Technological College in the exercise of their judgment in the discharge of a duty imposed upon them by statute, and to that extent substitute therefor the judgment of the judge of the trial court. This amounts to an attempt to supervise in a limited way the manner and method of the performance of the duties imposed upon the Board by the statutes of Texas. This no trial judge, under the Constitution and statutes of this state, has authority to do, and such attempted act on his part is plainly beyond his power. State v. Ferguson (State v. Kirby, Judges), Tex.Sup., 125 S.W.2d 272; White v. Berry, 171 U.S. 366, 18 S.Ct. 917, 43 L.Ed. 199; Walker v. Walter, Tex.Civ. App., 241 S.W. 524; Young v. Dudney, Tex.Civ.App., 141 S.W. 116; Riggins v. Thompson, 30 Tex.Civ.App. 242, 70 S.W. 578; Dodson v. Marshall, Tex.Civ.App., 118 S.W.2d 621; Robinson v. Hays, Tex. Civ.App., 62 S.W.2d 1007; Lewright v. Love, 95 Tex. 157, 65 S.W. 1089.

The cause is reversed and judgment is here rendered dissolving the injunction and granting writ of prohibition as prayed for.