BEXAR COUNTY and Rudy A. Garza, Bexar County Tax Assessor–Collector, Appellants,

v.

NORTH EAST INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 04–90–00516–CV.

Court of Appeals of Texas, San Antonio.

Dec. 26, 1990.

Rehearing Denied Feb. 7, 1991.

Ricardo J. Navarro, Asst. Crim. Dist. Atty., Civil Section, Oliver S. Heard, Jr., Karl E. Hays, Heard, Goggan, Blair & Williams, R. Laurence Macon, Cox & Smith, San Antonio, Thomas Goggan, Austin, Preston H. Dial, Jr., Groce, Locke & Hebdon, San Antonio, for appellants.

Hubert Green, Thad Harkins, Green & McReynolds, Emerson Banack, Jr., Foster, Lewis, Langley, Gardner & Banack, San Antonio, for appellee.

Before BUTTS, PEEPLES and BIERY, JJ.

## OPINION

PER CURIAM.

In this appeal we are called upon to interpret TEX.TAX CODE ANN. § 6.22(c) (Vernon 1982), a provision whereby a taxing unit may require a county to assess and collect its taxes. Specifically at issue is who may select the attorneys to collect the unit's delinquent taxes once section 6.22(c) has been invoked. The appellants are Bexar County and its tax assessor-collector, Rudy Garza. The appellee is North East Independent School District ["North East" or "the District"], a school district authorized to impose taxes in Bexar County. Appellants will sometimes be referred to collectively as "the County."

The County employs a local law firm to collect its delinquent taxes. For several years Bexar County collected North East's taxes under an intergovernmental contract pursuant to TEX.TAX CODE ANN. § 6.24 (Vernon 1982). The contract permitted the County's collection attorneys to enforce delinquent tax collections for the District and to recover the statutory fees. In February 1990, North East notified Garza of its intent to terminate its contract with the County, effective June 30, 1990. On April 19, 1990, North East notified the County and Garza that it would require the County to collect the District's taxes pursuant to section 6.22(c) as of July 1, 1990, but would reserve the right to employ its own attorneys for the enforcement of *delinquent*

tax collections. Garza responded that while he agreed that the cited section required him to collect the District's taxes, he would nevertheless use the county's own attorneys to collect delinquent taxes. What followed was a situation in which both the County's and the District's attorneys attempted to enforce collection of the District's delinquent taxes. Property owners in the District began to receive delinquent notices for the same overdue taxes from each firm.

On July 13, 1990, North East brought suit for mandamus, declaratory, and injunctive relief. The County counterclaimed for injunctive relief. After a non-jury trial on the merits, the trial court held that section 6.22(c) does not authorize the County to direct its attorneys to enforce the collection of North East's delinquent taxes without North East's consent. The court also granted a permanent injunction prohibiting Garza from distributing any funds from the District's delinquent tax collections to the County's attorneys. He was required instead to deposit them in North East's depository account. The County has appealed this order.

On September 25, 1990, we stayed those parts of the order relating to North East's right to select a delinquent tax attorney and restraining Garza from compensating the County's attorneys for the collection of the District's delinquent taxes.

TEX.TAX CODE ANN. § 6.23 (Vernon Supp.1991) sets forth these duties of the county tax assessor-collector:

(a) The county assessor-collector shall ... assess and collect taxes on property for another taxing unit if:

\* \* \* \* \* \*

(3) the governing body of the unit requires the county to assess and collect its taxes as provided by Subsection (c) of Section 6.22 of this code; or

(4) required by an intergovernmental contract.

Section 6.22(c) provides:

(c) The governing body of a taxing unit authorized to have its own assessor and collector by official action in the manner required by law for official action by the body may require the county to assess and collect the taxes the unit imposes in the county *in the manner in which the county assesses and collects its taxes.* The governing body of the unit may revoke the requirement at any time by the same official action. (emphasis added).

Section 6.22(c) allows a taxing unit, such as North East, to unilaterally require a county to assess and collect the taxes it imposes within the county, subject to paying the County the amounts required under TEX.TAX CODE ANN. § 6.27(b) (Vernon 1982). This provision is optional with the unit; it may choose to do its own assessing and collecting, or it may enter into an intergovernmental contract with another taxing unit on mutually acceptable terms, as North East and Bexar County have done in the past. Section 6.22(c) is not optional with the county, however. When it is invoked, the county must collect the unit's taxes, and it must collect them in the manner in which it assesses and collects its own taxes.

The central question in this appeal is the meaning of "in the manner in which the county assesses and collects its taxes." The County argues that this phrase encompasses the entire method the County employs to collect its own taxes, including policy decisions such as the selection of the attorneys who are to collect its delinquent taxes. In contrast, North East asserts that the phrase refers only to the procedural and clerical methods used to assess and collect taxes. According to North East, it does not include the choice of delinquent tax attorneys.

North East relies on section 6.30 of the Tax Code for the proposition that the power to choose a delinquent tax attorney is vested exclusively in the taxing unit. TEX.TAX CODE ANN. § 6.30(b) (Vernon 1982). That section reads:

(b) The governing body of a taxing unit other than a county may determine who represents the unit to enforce the collection of delinquent taxes. *If a taxing unit collects taxes for another tax-*

*ing unit, the attorney representing the unit to enforce the collection of delinquent taxes may represent the other unit with the consent of its governing body.* (emphasis added).

North East argues that the enforcement of the collection of delinquent taxes spoken of throughout section 6.30 means that that section is not controlled by section 6.22(c), which speaks only of "assessing" and "collecting" taxes. North East concludes that "collecting" in section 6.22(c) refers only to the ministerial and clerical duties involved in collecting current taxes. We cannot agree with this interpretation. The tax assessor-collector is required to prepare a current and a cumulative delinquent tax roll each year. TEX.TAX CODE ANN. § 33.03 (Vernon 1982). The collector must also deliver a delinquency notice to each taxpayer on the current delinquent tax roll. TEX.TAX CODE ANN. § 33.04(a) (Vernon Supp.1991). These are clearly duties relating to the collection of delinquent taxes. The power to levy taxes includes the power to enforce collection. *Rusk County v. Maloney,* 38 S.W.2d 868, 871 (Tex.Civ.App.— Texarkana 1931, writ ref'd). We agree that the power to collect taxes referred to in section 6.22(c) necessarily includes the power to collect delinquent taxes. Had the legislature not enacted section 6.30(b), section 6.22(c) would have allowed a county to select the enforcement attorney.

■ The County explains section 6.30(b) by arguing that it applies only to intergovernmental contracts. It cites paragraph (d) of section 6.24, the section addressing those contracts. That paragraph reads:

(d) A contract under this section may provide for the entity that collects taxes to contract with an attorney, as provided by Section 6.30 of this code, for collection of delinquent taxes.

We do not agree that the application of section 6.30 is limited only to intergovernmental contracts for two reasons. First, there is no limiting language in section 6.30. It speaks of contracts between taxing units and attorneys outside the context of an intergovernmental agreement. TEX.TAX CODE ANN. § 6.30(a) & (c)

(Vernon 1982). Section 6.30(e) says that a "contract with an attorney that does not conform to the requirements of this section is void." We take these paragraphs to mean that the section governs all contracts with attorneys for the collection of delinquent taxes. Certainly the County was careful to insure that its own contract with its delinquent tax attorneys followed the dictates of this section, even though that contract was not negotiated as part of any intergovernmental contract. Section 6.30 would also govern the relationship between a school district that collects its own taxes and its delinquent tax attorneys.

Second, section 6.24(d) was added to the tax code in 1981. Property Taxation—Revision Act, ch. 13, § 24, 1981 Tex.Gen.Laws 117, 125. Section 6.30 was enacted with the original legislation in 1979. Property Tax Code, ch. 841, § 6.30, 1979 Tex.Gen. Laws 2217, 2231. Thus, the powers reserved to taxing units in section 6.30 precede the statutory statement that an intergovernmental contract may allow the collecting unit to contract with an attorney.

■ While we have not agreed with either of the parties' statutory construction, we do believe that sections 6.22(c) and 6.30(b) are in conflict. Yet we must endeavor to construe those sections in a manner that avoids a conflict and gives each provision effect. *Lenhard v. Butler,* 745 S.W.2d 101, 105 (Tex.App.—Fort Worth 1988, writ denied). The object in construing any statute is to ascertain the legislature's intention as expressed in the language used. *Crimmins v. Lowry,* 691 S.W.2d 582, 584 (Tex.1985). In determining the meaning of words in an act of the legislature, consideration should be given to the entire act, its nature and object, and consequences that would follow from each construction. *Sayre v. Mullins,* 681 S.W.2d 25, 27 (Tex.1984). The Tax Code requires that it be construed in accordance with the Code Construction Act, TEX. GOV'T CODE ANN. § 311.001–.032 (Vernon 1988), except as otherwise expressly provided. TEX.TAX CODE ANN. § 1.03 (Vernon Supp.1991).

■ We believe the phrase "in the manner in which the county assesses and collects its taxes" extends broadly to cover all aspects of the tax assessing and collecting process, including the collection of delinquent taxes. It also includes all policy determinations made to facilitate the collection of taxes. The trend of recent ad valorem tax legislation has been to centralize and streamline the collection process in order to make it more efficient and cost-effective. It is apparent that it is more efficient to centralize these decisions as much as possible. This, we believe, is the purpose of the phrase, "in the manner in which the county assesses and collects its taxes."

■ There are several cogent policy reasons, e.g. efficiency and centralization, that support the County's position. Perhaps the legislature meant to implement these policies when it passed section 6.22(c). Yet we cannot ignore the plain language of section 6.30(b), in which the legislature says that when one taxing unit collects taxes for the other, it may use its own attorney to enforce collection of delinquent taxes only *with the consent of the governing body of the other taxing unit.* It is a rule of statutory construction that in case of conflict between general and specific provisions of a statute, the specific one prevails. *Nelson v. Texas Employment Comm'n,* 290 S.W.2d 708, 711 (Tex.Civ. App.—Galveston 1956, writ ref'd); TEX. GOV'T CODE ANN. § 311.026 (Vernon 1988). Section 6.22(c) addresses the entire tax collecting process, from assessing and collecting current taxes to the enforcement of the collection of delinquent taxes. Section 6.30(b), on the other hand, addresses the precise circumstances of this case— whether a taxing unit which collects taxes for another unit may choose the attorney who will collect the second unit's delinquent taxes. Thus, in the precise situation before us, the general provision of section 6.22(c) must yield to the specific legislative expression of section 6.30(b).

■ This, we believe, is the only manner in which the two statutes can be reconciled. When a taxing unit invokes section 6.22(c) to require a county to collect its taxes, it

delegates to the county all its tax collecting duties and powers except those specifically reserved to it by statute. In section 6.30(b), we find such a specific reservation. We hold that when a taxing unit invokes section 6.22(c), it may retain its own attorney to enforce the collection of its delinquent taxes. No other question is before us, and we express no opinion on whether a taxing unit may require a county to accept any of its other policies.

■ The County argues that if North East can invoke section 6.22(c) and can also impose upon Garza its policies, he would in effect hold simultaneously the offices of tax collector for the County and for the District. According to the County, this would violate the constitutional provision that one person cannot hold more than one civil office of emolument at the same time. TEX.CONST. art. XVI § 40. We do not agree. In this case we do not have before us any policy of North East's other than its choice of delinquent tax attorneys. As we have said, section 6.30(b) exclusively reserves the selection of those attorneys to the taxing unit. The tax assessor-collector does not have exclusive authority over the collection of delinquent taxes; the commissioners court may appoint other persons to assist in their collection. *Rusk County,* 38 S.W.2d at 871. Likewise, school districts have had similar authority in the selection of their attorneys. TEX.EDUC.CODE ANN. § 23.98 (Vernon 1972). These authorities indicate that the assessor-collector has no duties relating to the selection of delinquent tax attorneys. *White v. McGill,* 131 Tex. 231, 114 S.W.2d 860, 863 (1938); Op.Tex.Att'y Gen. No. JM-1015 (1989). In the case of a county, it is the commissioners court rather than the tax assessor-collector that hires a delinquent tax attorney. We cannot agree that requiring Garza not to exercise a power he did not have to begin with, places him in the employ of the District.

Our determination of this, the primary issue in the case, allows us also to dispose of the County's remaining points of error. The County argues that the trial court had no jurisdiction to restrain Garza in the ex-

ercise of what it refers to as his lawful duties. It also argues that the doctrine of sovereign immunity insulates the County from North East's suit. We have held, however, that Garza had no authority to determine who may collect North East's delinquent taxes.

> The acts of officials which are not lawfully authorized are not acts of the State, and an action against the officials by one whose rights have been invaded or violated by such acts, for the determination and protection of his rights, is not a suit against the State within the rule of immunity of the State from suit.

*Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 712 (1945). *See also State v. Epperson,* 121 Tex. 80, 42 S.W.2d 228, 231 (Tex.Comm'n App.1931, opinion adopted).

■■■■ The County's final argument is that the trial court erred in entering an injunction for North East because North East had an adequate remedy at law. The rule cited by the County is that an injunction will not lie against a public official to regulate the manner and method of performance of official duties unless the official's action is wrongful and will cause irreparable injury. *Texas Dep't. of Mental Health v. Wade,* 651 S.W.2d 927, 929 (Tex. App.—Dallas 1983, no writ). We have already held that the county tax assessor's action was erroneous. Further, an act in violation of a statute may be enjoined without a showing that the legal remedy is inadequate. *Furr v. Hall,* 553 S.W.2d 666, 672 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); TEX.CIV.PRAC. & REM. CODE ANN. § 65.011(1) (Vernon 1986). The injunction was proper.

■■■■ North East argues in a cross point that the trial court erred in denying its request for mandamus to require Garza to deliver the statutory fifteen percent penalty he received in the collection of the District's delinquent taxes. *See* TEX.TAX CODE ANN. § 33.07(a) (Vernon 1982). It argues that it is due $89,830.51 representing delinquent tax penalties collected from July 1, 1990 until the date of trial and paid by Garza to the County's law firm for work already done in collecting North East's tax-

es. Even if North East has a valid claim to the funds, its remedy is a suit against the County, its law firm, or both. Mandamus will not issue when the relator has an adequate legal remedy. *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984); *Cobb,* 190 S.W.2d at 713.

The judgment of the trial court is affirmed. The stay imposed by this court's order of September 25, 1990, is lifted.