Charlotte Ray **MALOY**, Ricky Lee Hill, Johnny Allen Hall, Bradley Craig Shaw, Hanna Elaine Zalk, Danny Carl Roberts, Felipe Saldivar, Hector Lara, Walter Davis Condron, Johnny Lovett, Jr., and Keith Hoiten, Appellants,

v.

The **CITY OF LEWISVILLE**, Texas, Appellee.

No. 2–92–177–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 26, 1993.

William E. Trantham, Dallas, for appellants.

Wood, Springer & Lyle, P.C., R. William Wood and C. Jane Thacker, Denton, for appellee.

Before HILL, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

HILL, Chief Justice.

Charlotte Ray Maloy, et al. appeal from the trial court's granting of a temporary injunction on behalf of the City of Lewisville restraining them from operating an adult cabaret, a nude modeling studio, and an adult bookstore at certain premises within the City of Lewisville, in violation of a city ordinance. The appellants contend in five points of error that the trial court erred in: (1) granting temporary relief enjoining them from exercising their rights of speech and expression prior to a final judgment by a court of competent jurisdiction; (2) denying them equal protection of the law by depriving them of the same right to speech given to other commercial establishments in Lewisville; (3) failing to rule that the prohibition against exposure of a female breast violates article I, section 3a of the Texas Constitution; (4) ruling that it had subject-matter jurisdiction over speech and expression other than to enforce the right of persons to speech and expression; and (5) failing to rule that res judicata bars the order for temporary injunction. The appellants urge in two additional points of error that the trial court abused its discretion in granting the temporary injunction because the injunction order is indefinite on its face and because mandatory rights of specificity were not complied with.

We affirm because we hold that: (1) although the appellants were entitled to a stay of the temporary injunction pending this appeal, any error in not staying the injunction is not a complaint relating to the merits of the injunction, and is therefore not such an error as was reasonably calculated to cause and probably did cause an improper judgment. Further, since the injunction has now received appellate review, the issue of the stay is now moot; (2) the appellants did not produce sufficient evidence to show that they were deprived of the same right to speech given to other commercial establishments within the City of Lewisville; (3) the appellants did not plead that the ordinance's distinctions between men and women violated the Texas Equal Rights Amendment, nor was the issue tried by consent; (4) the injunction was directed toward compliance with the City's zoning ordinance, not toward the content of the appellants' speech, and therefore did not constitute an unconstitutional prior restraint on speech prohibited by the Texas Constitution; (5) the temporary injunction is not indefinite on its face because it specifically sets forth the action to be enjoined and it sets forth the reason for its issuance; (6) the temporary injunction, in the case of a violation of a city zoning ordinance, need show no more than a violation of the ordinance in order to justify its issuance; and (7) the appellants have not presented us a sufficient record for us to consider their claim of res judicata, but, in any event, as we have previously stated, their claim for a stay pending this appellate review is now moot.

■ The appellants contend in point of error number one that the trial court erred in granting temporary relief to the City enjoining them from exercising their rights of speech and expression prior to a final judgment by a court of competent jurisdiction. They contend that such an action is prohibited by both the First and Fourteenth Amendments to the United States Constitution, as well as article I, section 8 of the Texas Constitution. Where, as here, the appellants will not receive immediate appellate review of their claim that this injunction will deprive them of rights under the First Amendment, the State must allow a stay until the merits of the appellants' claim has received such a review. *National Socialist Party of America v. Village of Skokie*, 432 U.S. 43, 44, 97 S.Ct. 2205, 2206, 53 L.Ed.2d 96, 98 (1977).

The City urges that the appellants are not entitled to the stay because the Su-

preme Court in the case of *Hirsh v. City of Atlanta*, 495 U.S. 927, 110 S.Ct. 2163, 109 L.Ed.2d 493 (1990) distinguished situations in which the subject speech is entirely disallowed, as in *Skokie*, from a situation in which the subject speech is merely limited by a time, place, and manner regulation.

■ We first note that the opinion in *Hirsh* to which the City refers is a concurring opinion, not the opinion of the Court, because the Court did not issue an opinion stating why it denied the application for a stay. Second, the opinion indicated that the group enjoined had a history of illegal conduct. The opinion did not detail what that illegal conduct might be. In this case the only illegal conduct alleged was the violations of the ordinance complained of by the City. We also note that while it may be argued that the activities of the appellants cause harm to the City and its inhabitants, those activities do not constitute a direct, immediate interference with the rights of another as was involved in *Hirsh*. Consequently, we agree with the appellants that the injunction should have been stayed pending appellate review, whether considered under either the First Amendment of the United States Constitution or article I, section 8 of the Texas Constitution, which provides broader rights of free speech than those granted by the First Amendment. *Davenport v. Garcia*, 834 S.W.2d 4, 8 (Tex.1992). Any error by the trial court in failing to stay its temporary injunction pending appellate review is not an error relating to the merits of the injunction itself. Consequently, it is not such an error as was reasonably calculated to cause and probably did cause an improper judgment. The temporary injunction has now received appellate review so that the issue of the stay is now moot. We overrule point of error number one.

The appellants argue in point of error number two that the trial court erred in denying them equal protection of the law by depriving each of them the same right to speech given to other commercial establishments within the City of Lewisville. They refer to evidence of sexually oriented books purchased at what could be referred to as main-line chain bookstores located within the City of Lewisville.

■ The ordinance does not prohibit the sale of all sexually oriented materials within the affected areas. For example, a business establishment is not defined as an "adult bookstore" under the ordinance unless a substantial or significant portion of its stock and trade, at least 20% or more, is sexually related as described in the ordinance; or a segment or section of the store is devoted to the sale or display of such material, or to the sale or display of certain sexually related instruments, devices, or paraphernalia. In the absence of evidence that the main-line chain bookstores in question had at least 20% of their "stock and trade" devoted to sexually oriented material, that they had a segment or section of the store dedicated to such material, or that they were dealing in sexually related instruments, devices, or paraphernalia, the appellants have failed to show that those stores fell within the application of the ordinance.

The appellants' argument appears to be that the display of one or two sexually oriented books by a bookstore means that such a store is utilizing a part or segment of its space for the sale of sexually oriented materials and therefore falls under the application of the ordinance. Even if the ordinance can be construed to mean that a business may not be operated within the affected area if a segment or section of its store is dedicated to sexually oriented materials, even if those materials constitute less than 20% of its stock and trade, we hold that the sole showing of the sale of one or two sexually oriented books is insufficient to establish that a segment or section of the store is dedicated to such materials. We interpret the ordinance to mean that books or materials that are sexually oriented as detailed in the ordinance must be grouped together within the store before it can be said that the store has a segment or section devoted to such materials. The appellants made no such showing here. We overrule point of error number two.

The appellants contend in point of error number three that the trial court erred in failing to rule that the prohibition against exposure of the female breast, but not the male breast, violates article I, section 3a of the Texas Constitution, the Texas Equal Rights Amendment. That amendment provides that equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. TEX. CONST. art. I, § 3a.

The City ordinance was introduced into evidence. The ordinance reflects on its face discrimination based on sex relating to the definitions of "adult cabaret," "nude modeling studio," and "adult bookstore." As a result of the definitions in the ordinance, a male may dance topless within the restricted area while a female cannot, a male may model topless while a female cannot, and the breast of a male may be pictured or described whereas the breast of a female cannot.

■ The Texas Equal Rights Amendment elevates sex to a suspect classification, and is therefore afforded maximum constitutional protection. *In Interest of McLean*, 725 S.W.2d 696, 698 (Tex.1987); *Williams v. City of Fort Worth*, 782 S.W.2d 290, 296 (Tex.App.—Fort Worth 1989, writ denied). The Amendment does not yield except to compelling state interests. *In Interest of McLean*, 725 S.W.2d at 698; *Williams*, 782 S.W.2d at 296. Once it has been determined that the law discriminates against one sex clearly on the basis of gender, the discrimination is allowed only when the proponent of the discrimination can prove that there is no other manner to protect the state's compelling interest. *In Interest of McLean*, 725 S.W.2d at 698; *Williams*, 782 S.W.2d at 296.

In ordinance 1337, section 31.00(A), the City declared that its interest is in regulating the location of sexually oriented businesses so as to promote the general welfare and other interests and to protect its neighborhoods and businesses from the secondary effects of such sexually oriented businesses.

Had this issue concerning the Texas Equal Rights Amendment been properly raised in the trial court, we would be required to determine whether the City had proven that its interest could only be protected by making the sexual discrimination that it has made. The City presented no evidence establishing that its interest could only be protected by means of such a discrimination. Because the City failed to meet its burden, we would have been required to hold that as a matter of law the definitions of "adult cabaret," "nude modeling studio," and "adult bookstore" on their face discriminate against women, violating their rights under article I, section 3a of the Texas Constitution, the Texas Equal Rights Amendment. Consequently, we would have been required to hold that these definitions are unconstitutional and void. *See Williams*, 782 S.W.2d at 299.

■ However, as noted by the City in oral argument, the appellants did not plead the unconstitutionality of the ordinance at trial, based on the Texas Equal Rights Amendment, as they are required to do in order to rely on that basis to escape the application of the ordinance. *See Birdo v. Ament*, 814 S.W.2d 808, 811 (Tex.App.—Waco 1991, writ denied).

■ We will next consider whether the issue of the unconstitutionality of the ordinance in view of the Texas Equal Rights Amendment was tried by consent. The appellants made one brief mention in opening argument that the ordinance was "incomprehensible, in violation of the equal rights amendment." During trial, when the unconstitutionality of the statute was discussed, the appellants related the unconstitutionality only to the issue of the content of the material, saying nothing about the equal rights amendment. At that same point in the trial, counsel for the City noted that there was no pleading of unconstitutionality, with counsel for appellants saying that article I, section 8 need not be pled under this circumstance. Counsel did not mention the Texas Equal Rights Amendment.

Appellants' attorney again mentioned the Texas Equal Rights Amendment in closing

argument, without any objection by the City or a request for a continuance. Appellants did not request a trial amendment alleging that the ordinance was unconstitutional because it was in violation of the Texas Equal Rights Amendment, the trial court's judgment did not discuss the issue, and there were no findings of fact or conclusions of law.

Tex.R.Civ.P. 67 provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. It has been held that that rule does sanction an unpleaded issue to be treated as raised in the pleadings when it is tried by express or implied consent, but the rule is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unpleaded issue. *See Jay Fikes & Assoc. v. Walton*, 578 S.W.2d 885, 889 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). The court stated that the rule should be applied with care and in no event in a doubtful situation. Considering the total record in this case, we hold that it is at best doubtful that the issue of whether the ordinance is unconstitutional because it is in violation of the Texas Equal Rights Amendment was tried by consent in the trial court. We overrule point of error number three.

The appellants insist in point of error number four that the trial court has no jurisdiction in a case such as the one before it because the speech involved is protected by article I, section 8 of the Texas Constitution. Under their argument, even obscenity is protected speech under the Texas Constitution. The ordinance did not violate article I, section 8 of the Texas Constitution. *See Lindsay v. Papageorgiou*, 751 S.W.2d 544, 549 (Tex.App.— Houston [1st Dist.] 1988, writ denied).

The Texas Supreme Court emphasized in the case of *Davenport*, 834 S.W.2d 4, that prior restraint was frowned upon under the Texas Constitution, allowing only punitive measures to be taken after the expression if there were an abuse of the privilege. *Id.* at 9. The court wrote that "[t]he presumption in all cases under section eight is that pre-speech sanctions or 'prior restraints' are unconstitutional." *Id.*

In this case, however, the injunction is directed not to the content of any speech on the part of the appellants but toward compliance with the City's zoning ordinance, which is a content-neutral ordinance. Consequently, we hold that it does not involve an unconstitutional prior restraint on speech prohibited by the Texas Constitution. *See Schope v. State*, 647 S.W.2d 675, 680 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd). We overrule point of error number four.

The appellants argue in points of error numbers five and six that the trial court abused its discretion in granting the temporary injunction because the order is indefinite on its face and because the trial court does not set forth the reasons for the granting of the injunction. We do not find the order to be indefinite, and we find that the trial court set forth the reason for granting the injunction.

The appellants complain about the injunction's reference to an external document, presumably the City ordinance. Tex. R.Civ.P. 683 provides that the injunction is to describe the act or acts sought to be restrained in reasonable detail, and not by reference to another document. In this case the injunction sufficiently describes the act sought to be enjoined. Any reference to the ordinance, as stated in the injunction, is merely to give further notice as to the enjoined conduct, but the reference was unnecessary to give the appellants sufficient notice of that conduct.

Although the appellants have not presented a specific point of error as to this point, they argue that the injunction must fail because it does not find that the City or its inhabitants would suffer irreparable harm. However, it has been held that a city that seeks to enjoin a violation of its zoning ordinance does not need to prove that its violation would damage it or its residents so that proof of the violation of the ordinance makes out a sufficient case for injunctive relief. *Swinney v. City of*

*San Antonio,* 483 S.W.2d 556, 559 (Tex. Civ.App.—San Antonio 1971, no writ). We overrule points of error numbers five and six.

The appellants urge in point of error number seven that the trial court erred in failing to rule that res judicata bars the order for temporary injunction. They insist that a federal court's ruling in the case of *City of Lewisville v. Rodney Smith,* which they cite as "4:87CV141 (E.D.Tex. 1992)," to the effect that closure of the defendants' sexually oriented businesses during the pendency of an appeal would cause irreparable harm to the defendants economically and to their First Amendment rights. They do not refer us to a reference in our record or to a recognized reference authority by means of which we might obtain sufficient information concerning the federal lawsuit so as to properly consider their claim. In any event, as we have previously noted, now that the appellants have received appellate review, their claim for a stay pending this appellate review is now moot. We overrule point of error number seven.

The order of temporary injunction is affirmed.