**B.J. HOLLINGSWORTH and Tammy Hollingsworth, Appellants,**

v.

**The CITY OF DALLAS, Appellee.**

No. 05–95–00739–CV.

Court of Appeals of Texas, Dallas.

Sept. 19, 1996.

Lindy D. Jones, Laura L. Worsham, Jones, Allen & Fuquay, L.L.P., Dallas, for appellants.

W. Kent McIlyar, Assistant City Attorney, Dallas, for appellee.

Before MORRIS, JAMES and HANKINSON, JJ.

## OPINION

MORRIS, Justice.

This is a summary judgment case. B.J. and Tammy Hollingsworth appeal the summary judgment granted in favor of the City of Dallas enjoining the Hollingsworths from operating their pawnshop on Greenville Avenue in Dallas, Texas. In four points of error, the Hollingsworths argue that the City did not establish it was entitled to summary judgment as a matter of law; the City was not entitled to an injunction; the City's zoning ordinances were preempted and therefore not enforceable; and they were properly operating their pawnshop at the Greenville location under a statutory relocation provision. Concluding the trial court properly rendered summary judgment for the City, we affirm the trial court's judgment.

### Procedural Background

On May 27, 1993, the Hollingsworths brought a declaratory judgment action against the City. They alleged they owned and operated two pawnshops, one at 721 South R.L. Thornton Freeway and the other

at 6778 Greenville Avenue. The City refused to issue a building permit allowing expansion at the R.L. Thornton location and refused to grant a certificate of occupancy at the Greenville location because the City claimed the pawnshops violated the City's zoning ordinances. The Hollingsworths sought a declaration that the City's zoning ordinances were without force and effect.

The City filed an answer and a counterclaim. The City sought a permanent injunction preventing further use of the Greenville location as a pawnshop. The City also sought civil penalties for each day the Hollingsworths violated the zoning restriction at the Greenville location.

The City filed a motion for summary judgment encompassing both the Hollingsworths' petition and the City's counterclaims. The Hollingsworths responded but did not submit any summary judgment evidence. The trial court heard the City's motion and, on February 6, 1995, signed an order granting the City's motion for summary judgment. The trial court ordered the Hollingsworths take nothing on their petition, permanently enjoined them from conducting all pawnshop transactions at the Greenville location, ordered them to pay a $1,000 civil penalty for operating the pawnshop at the Greenville location, and awarded the City its attorneys' fees.

### Discussion

In the Hollingsworths' first point of error, they argue the trial court erred in granting the City's motion for summary judgment because the City did not establish that it was entitled to summary judgment as a matter of law. The Hollingsworths contend the City did not conclusively prove they were operating the Greenville property as a pawnshop. They also maintain the City did not conclusively prove the Greenville property was zoned Mixed–Use 3 (MU–3) and that a pawnshop was not a permitted use in an MU–3 district.

■ Summary judgment may be rendered only if the moving party presents competent summary judgment evidence establishing (1) there is no genuine issue with respect to any material fact and (2) the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 412 (Tex.1989). The trial court may not grant a motion for summary judgment when the movant's summary judgment proof is legally insufficient; the movant must conclusively prove all the essential elements of its cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The summary judgment must stand on its own merits, and the nonmovant's failure to produce any evidence cannot establish the movant's right by default. *See id.* Nonmovants need not file a response to a motion for summary judgment to argue on appeal that the movant's proof was insufficient to establish as a matter of law the specific grounds relied on by the movant. *Fantastic Homes, Inc. v. Combs,* 596 S.W.2d 502, 502 (Tex.1979) (per curiam); *see Grossman v. Grossman,* 799 S.W.2d 511, 514 (Tex.App.—Corpus Christi 1990, no writ).

■ As part of the City's summary judgment evidence, the City attached the affidavit of John T. Wash and the notice of violation Wash issued the Hollingsworths. In his affidavit, Wash states that he personally inspected the Greenville location and determined the Hollingsworths were offering pawnshop services in violation of the MU–3 zoning district. Wash's notice of violation provided, "Pawn shop operating in MU–3 Zoning District." The City's exhibit "F" shows Map F–8 of the official Dallas zoning maps. Map F–8 shows the 6700 block of Greenville Avenue is zoned MU–3. The certificate of occupancy shows the zoning at 6778 Greenville Avenue as "MU3." Section 51A–4.210(22)(B) of the Dallas Development Code lists the districts in which pawn shops are permitted; MU–3 is not listed. Uncontroverted, this evidence conclusively establishes the Hollingsworths were operating a pawnshop at their Greenville location, the Greenville location was located in an MU–3 zoning district, and the operation of a pawnshop violated the MU–3 zoning designation. *See Grossman,* 799 S.W.2d at 514. We overrule the Hollingsworths' first point of error.

In their second point of error, the Hollingsworths argue the trial court erred in granting the City summary judgment because the City did not prove their violation caused irreparable harm or injury. The Hollingsworths maintain that section 54.016 of the Local Government Code governs the issuance of injunctions and that section 54.016 requires the City to prove substantial danger of injury or an adverse health impact before obtaining a permanent injunction. TEX. LOC. GOV'T CODE ANN. § 54.016 (Vernon 1988).[1] Because the City did not produce any evidence showing substantial danger, the Hollingsworths contend the City did not meet its burden.

The City responds that section 54.016 does not apply. The City maintains section 211.012 of the Local Government Code applies. TEX. LOC. GOV'T CODE ANN. § 211.012 (Vernon 1988).[2] The City contends section 211.012 does not require the City to show a substantial danger of injury or an adverse health impact as a prerequisite to obtaining a permanent injunction.

Courts attempt to construe legislation in a manner avoiding conflicts and giving each provision effect. *Bexar County v. North East Indep. Sch. Dist.*, 802 S.W.2d 854, 857 (Tex.App.—San Antonio 1990, writ denied) (per curiam). When construing legislation, courts try to ascertain the legislature's intention as expressed in the language used. *Id.* Courts consider the entire act, its nature and object, and the consequences following each construction. *Id.*

Chapter 54 of the Local Government Code addresses the enforcement of municipal ordinances. TEX. LOC. GOV'T CODE ANN. §§ 54.001–.042 (Vernon 1988 & Supp.1996). Subchapter B addresses municipal health and safety ordinances. TEX. LOC. GOV'T CODE ANN. §§ 54.012–.019 (Vernon 1988 & Supp. 1996). A municipality may bring a civil action to enforce an ordinance "for zoning that provides for the use of land or classifies a parcel of land according to the municipality's district classification scheme." TEX. LOC. GOV'T CODE ANN. § 54.012(3) (Vernon Supp. 1996). Chapter 211 of the Local Government Code addresses municipal zoning authority. TEX. LOC. GOV'T CODE ANN. §§ 211.001–.021 (Vernon 1988 & Supp.1996). Subchapter A of Chapter 211 addresses general zoning regulations. TEX. LOC. GOV'T CODE ANN. §§ 211.001–.015 (Vernon 1988 & Supp.1996). Section 211.012 is the enforcement provision for general zoning regulations, including those regulating the use of land. TEX. LOC. GOV'T CODE ANN. § 211.012(c) (Vernon 1988).

The ordinances at issue in this cause regulate the use of land. On its face,

---

1. Section 54.016 provides:

**§ 54.016 Injunction**
(a) On a showing of substantial danger of injury or an adverse health impact to any person or to the property of any person other than the defendant, the municipality may obtain against the owner or owner's representative with control over the premises an injunction that:
(1) prohibits specific conduct that violates the ordinance; and
(2) requires specific conduct that is necessary for compliance with the ordinance.
(b) It is not necessary for the municipality to prove that another adequate remedy or penalty for a violation does not exist or to show that prosecution in a criminal action has occurred or has been attempted.
TEX. LOC. GOV'T CODE ANN. § 54.016 (Vernon 1988).

2. Section 211.012 provides:

**§ 211.012. Enforcement; Penalty; Remedies**
(a) The governing body of a municipality may adopt ordinances to enforce this subchapter or any ordinance or regulation adopted under this subchapter.

(b) A person commits an offense if the person violates this subchapter or an ordinance or regulation adopted under this subchapter. An offense under this subsection is a misdemeanor, punishable by fine, imprisonment, or both, as provided by the governing body. The governing body may also provide civil penalties for a violation.
(c) If a building or other structure is erected, constructed, reconstructed, altered, repaired, converted, or maintained or if a building, other structure, or land is used in violation of this subchapter or an ordinance or regulation adopted under this subchapter, the appropriate municipal authority, in addition to other remedies, may institute appropriate action to:
(1) prevent the unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance, or use;
(2) restrain, correct, or abate the violation;
(3) prevent the occupancy of the building, structure, or land; or
(4) prevent any illegal act, conduct, business, or use on or about the premises.
TEX. LOC. GOV'T CODE ANN. § 211.012 (Vernon 1988).

section 211.012 applies to ordinances regulating the use of land. TEX. LOC. GOV'T CODE ANN. § 211.012(c) (Vernon 1988). Unlike section 211.012, section 54.016 does not expressly apply to ordinances regulating the use of land. TEX. LOC. GOV'T CODE ANN. § 54.016 (Vernon 1988). We conclude the legislature intended section 211.012 to apply to ordinances regulating the use of land and intended section 54.016 to apply to other types of ordinances not at issue here. *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon 1988). By construing the two sections in this manner, we avoid a conflict and give each provision effect. *See Bexar County,* 802 S.W.2d at 857. Because section 211.012 applies, we conclude the City did not have to show a substantial danger of injury or an adverse health impact. *See Maloy v. City of Lewisville,* 848 S.W.2d 380, 385 (Tex.App.—Fort Worth 1993, no writ); *Long v. City of Fort Worth,* 333 S.W.2d 644, 647 (Tex.Civ. App.—Fort Worth 1960, no writ). The City is entitled to injunctive relief if it proves the violation of a zoning ordinance. *See Swinney v. City of San Antonio,* 483 S.W.2d 556, 559 (Tex.Civ.App.—San Antonio 1971, no writ). We overrule the Hollingsworths' second point of error.

In their third point of error, the Hollingsworths argue the trial court erred in granting the City summary judgment because the Texas Pawnshop Act preempts the City from controlling the operation and location of pawnshops. They contend that, except as delegated to the Consumer Credit Commissioner (the Commissioner), the legislature exercises exclusive authority over pawnshops' operation and location. *See* TEX.REV.CIV. STAT. ANN. art. 5069–51.17B(r) (Vernon Supp. 1996). The Hollingsworths maintain the legislature delegated to the Commissioner the exclusive authority to determine the location of pawnshops. *See* TEX.REV.CIV. STAT. ANN. art. 5069–51.01 historical and statutory notes (Vernon Supp.1996) [Act of May 26, 1989, 71st Leg., R.S., ch. 780, § 121(c), 1989 Tex. Gen. Laws 3410, 3465]. The Hollingsworths emphasize that in an application for a pawnshop license, the applicant must state "the place where the business is to be conducted." TEX.REV.CIV. STAT. ANN. art. 5069–51.04(a) (Vernon Supp.1996). Because the legislature

preempted the regulation of pawnshops, the Hollingsworths conclude the City's zoning ordinances are unenforceable. *See Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas,* 852 S.W.2d 489, 491 (Tex.1993).

■■■ Home-rule cities possess the full power of self-government; they look to the legislature only for limitations of their power. *Id.* at 490–91. If the legislature decides to preempt a subject matter normally within the broad powers of a home-rule city, the legislature must do so with unmistakable clarity. *Id.* at 491. To the extent a home-rule city ordinance conflicts with a state statute on a preempted subject, the ordinance is not enforceable. *Id.* Courts will not hold a state law and a city ordinance repugnant to each other if they can reach a reasonable construction leaving both in effect. *Id.* Simply because the legislature has enacted a law addressing a subject matter does not mean the legislature has completely preempted the subject matter. *Id.*

■■■ Article 5069–51.17B(r) of the Texas Revised Civil Statutes provides: "The legislature has exclusive authority regarding the operation of pawnshops, except for those matters delegated in this Act to the commissioner. Notwithstanding the provisions of this Act, the commissioner has the authority to regulate only those business practices which require a pawnshop license." TEX. REV.CIV. STAT. ANN. art. 5069–51.17B(r) (Vernon Supp.1996). This provision, enacted in 1991, appears to be preemptive. Op. Tex. Att'y Gen. No. DM–253 (1993); *see Dallas Merchant's & Concessionaire's Ass'n,* 852 S.W.2d at 491. Also in 1991, however, the legislature passed section 211.0035 of the Texas Local Government Code, which provides:

**§ 211.0035. Zoning Regulations and District Boundaries Applicable to Pawnshops**

(a) In this section, "pawnshop" has the meaning assigned by Section 2, Texas Pawnshop Act (Article 5069–51.02, Vernon's Texas Civil Statutes).

(b) For the purposes of zoning regulation and determination of zoning district boundaries, the governing body of a municipality shall designate pawnshops that have been

licensed to transact business by the Consumer Credit Commissioner under the Texas Pawnshop Act (Article 5069–51.01 et seq., Vernon's Texas Civil Statutes) as a permitted use in one or more zoning classifications.

(c) The governing body of a municipality may not impose a specific use permit requirement or any requirement similar in effect to a specific use permit requirement on a pawnshop that has been licensed to transact business by the Consumer Credit Commissioner under the Texas Pawnshop Act (Article 5069–51.01 et seq., Vernon's Texas Civil Statutes).

TEX. LOC. GOV'T CODE ANN. § 211.0035 (Vernon Supp.1996). At least to the extent of section 211.0035, we conclude the legislature did not delegate regulation of pawnshop locations to the Commissioner. Municipalities may regulate the location of pawnshops in a manner consistent with section 211.0035. *Cf. Dallas Merchant's & Concessionaire's Ass'n,* 852 S.W.2d at 492–93 (although the legislature preempted home-rule cities from regulating businesses selling alcoholic beverages, the legislature nevertheless passed other legislation enabling home-rule cities to regulate the location of those businesses under limited circumstances).

The Hollingsworths argue the historical and statutory notes to article 5069–51.01 show the Commissioner has the exclusive authority to determine the location of pawnshops. The historical and statutory notes provide:

This Act does not limit the power of the Consumer Credit Commissioner to regulate under the Texas Pawnshop Act (Article 5069–51.01 et seq., Vernon's Texas Civil Statutes) including the exclusive power to adopt rules relating to hours of operation and *location* of pawnshops, identification required of pledgors and sellers of property, and all other matters pertaining to the operation of pawnshops.

TEX.REV.CIV. STAT. ANN. art. 5069–51.01 historical and statutory notes (Vernon Supp. 1996) [Act of May 26, 1989, 71st Leg., R.S., ch. 780, § 121(c), 1989 Tex. Gen. Laws 3410, 3465] (emphasis added).

The legislature enacted section 211.0035 in 1991. Act of May 27, 1991, 72nd Leg., R.S., ch. 687, § 18, 1991 Tex. Gen. Laws 2478, 2490. The legislature enacted the provision found in the historical and statutory notes to article 5069–51.01 two years earlier in 1989. Act of May 26, 1989, 71st Leg., R.S., ch. 780, § 121(c), 1989 Tex. Gen. Laws 3410, 3465. To the extent the two provisions conflict, because the legislature enacted section 211.0035 more recently, we conclude section 211.0035 prevails. *See* TEX. GOV'T CODE ANN. § 311.025 (Vernon 1988); *City of Dallas v. Mitchell,* 870 S.W.2d 21, 23 (Tex.1994). The Hollingsworths misplace their reliance upon the historical and statutory notes to article 5069–51.01.

The Hollingsworths stress that in an application for a pawnshop license, the applicant must state "the place where the business is to be conducted." TEX.REV.CIV. STAT. ANN. art. 5069–51.04(a) (Vernon Supp.1996). They conclude this shows the Commissioner has exclusive authority to determine the location of pawnshops. We disagree. Nothing in article 5069–51.04(a) states with unmistakable clarity that the legislature intended the Commissioner to have exclusive authority over the location of pawnshops. *See Dallas Merchant's & Concessionaire's Ass'n,* 852 S.W.2d at 491. If possible, courts construe potentially conflicting statutory provisions in a manner giving effect to both. *City of Dallas,* 870 S.W.2d at 22. Construing article 5069–51.04(a) and section 211.0035 in a manner giving effect to both, we conclude the application described in article 5069–51.04(a) requires the pawnshop's location to be stated for record and correspondence purposes. We overrule the Hollingsworths' third point of error.

In their fourth point of error, the Hollingsworths argue the trial court erred by granting the City summary judgment because they legally operated their pawnshop in another location and, therefore, were entitled to relocate to another site in the same zoning category. The Hollingsworths rely upon historical and statutory notes to section 211.0035, which provide:

A pawnshop legally operating in a municipality as a permitted use or as a noncon-

forming use on March 1, 1989, is entitled to relocate to another site in the same zoning district or classification in which it is located on March 1, 1989, provided the relocation is completed before the first anniversary of the date that the pawnshop ceased doing business at the previous location.

TEX. LOC. GOV'T CODE ANN. § 211.0035 historical and statutory notes (Vernon Supp.1996) [Act of May 27, 1991, 72nd Leg., R.S., ch. 687, § 22, 1991 Tex. Gen. Laws 2478, 2490]. The Hollingsworths argue the City bore the burden of negating this exception. Because the City produced no summary judgment evidence pertaining to this exception, they conclude the City did not carry its summary judgment burden.

Both the City's motion and the Hollingsworths' response assume the Hollingsworths were operating both locations simultaneously. This assumption is consistent with both the Hollingsworths' and the City's pleadings. Neither the City's motion for summary judgment nor the Hollingsworths' response addressed whether the Hollingsworths were entitled to relocate from the R.L. Thornton location to the Greenville location.

The Hollingsworths' relocation argument is in the nature of a matter in avoidance. *See* TEX.R. CIV. P. 94. The Hollingsworths argue that even if the City proved they were operating their Greenville pawnshop in violation of the zoning ordinance, the statutory relocation provision excused their noncompliance. A party's failure to raise a matter in avoidance as an affirmative defense in its response to a motion for summary judgment constitutes a waiver of the affirmative defense on appeal. *See Posey v. Southwestern Bell Yellow Pages, Inc.*, 878 S.W.2d 275, 281 (Tex.App.—Corpus Christi 1994, no writ). The Hollingsworths did not raise the relocation exception in their response to the City's motion for summary judgment. We conclude they waived their argument. *See id.* We overrule the Hollingsworths' fourth point of error.

We affirm the trial court's judgment.